ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>ERNICK R. FIGUEROA HUERTA<br><br>Peticionario | TA2025CE00717 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Casos Núm.:<br>G4TR202500022<br>G4TR202500005<br><br>Sobre:<br>Ley Núm. 22-2000;<br>Ley Núm. 253-1995 |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece el señor Ernick Figueroa Huerta (señor Figueroa Huerta o peticionario) y solicita que revisemos la *Resolución* emitida el 1 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). En dicho dictamen, el TPI declaró No Ha Lugar la *Moción de supresión de evidencia* presentada por el señor Figueroa Huerta. Ello, al concluir que el resultado de la prueba de alcohol practicada al peticionario era confiable y que la omisión del agente Emmanuel Miranda Rodríguez (agente) al no informar que su cámara corporal estaba activa no incidió en la legalidad del arresto ni en la validez de la prueba de aliento. También concluyó que el resultado de la prueba de aliento efectuada al peticionario con el equipo Intoxilyzer 9000 era válida y confiable y que su utilización no estuvo afectada por la existencia de una prueba descartada, por tener batería baja, con el Alco-Sensor.

El foro inferior estableció que los días 10 y 17 de septiembre de 2025, se celebraron unas vistas evidenciarias en las que declaró el agente. Según detalló el TPI, el testigo declaró que el 19 de enero de 2025, patrullaba la PR-52 cuando la computadora de la patrulla

detectó un Mitsubishi Diamante sin marbete ni seguro obligatorio. Al activar los biombos y la sirena para detenerlo, se encendieron la cámara frontal de la patrulla y la cámara corporal de su chaleco, sin advertir al conductor que la intervención estaba siendo grabada.

El TPI consignó que el agente identificó al conductor como Ernick Figueroa, confirmó que el marbete estaba vencido y ocupó la tablilla. De acuerdo al tribunal recurrido, el conductor bajó del vehículo por iniciativa propia para ofrecer una explicación, momento en el que el agente percibió olor a alcohol y un habla pausada y alargada. El foro primario indicó que el Alco-Sensor se descartó por dicho equipo indicar que tenía batería baja y que el agente entendió que había motivos para creer que el peticionario se encontraba bajo los efectos de bebidas embriagantes, por lo que procedió a arrestarlo y mantenerlo bajo observación continua. Según el tribunal de instancia, el testigo trasladó al peticionario a la División de Autopistas de Salinas, le leyó las advertencias de ley y le administró la prueba de aliento con el Intoxilyzer 9000, que reflejó 0.134% de alcohol en su organismo.

El TPI resolvió que, aunque el agente no informó al señor Figueroa Huerta que la cámara corporal estaba activa, esa omisión no afectó la legalidad del arresto ni la validez de la prueba de aliento mediante el Intoxilyzer 9000, el cual es un instrumento certificado, calibrado y empleado conforme a los protocolos establecidos para ello. Determinó que dicha prueba fue un mecanismo de apoyo que no sustituyó los requisitos legales para la obtención de evidencia. En cuanto al Alco-Sensor, el foro inferior indicó que el dispositivo no se utilizó para efectos del procesamiento del peticionario.

De esta manera, el foro primario sostuvo que ni la falta de notificación sobre la grabación ni el uso fallido del Alco-Sensor afectaron la validez del resultado y el procedimiento con el Intoxilyzer 9000. Destacó que la actuación del agente se ajustó a los parámetros

de la *Ley de Vehículos y Tránsito de Puerto Rico,* Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5001 y a la jurisprudencia vigente, puesto que al momento de la intervención tuvo la información para creer razonablemente que el señor Figueroa Huerta conducía un vehículo de motor bajo los efectos de bebidas embriagantes. Además, resaltó que el agente garantizó el período de observación requerido y aseguró que el peticionario no ingiriera alimentos, agua o tuviera acceso al baño. Por ello, concluyó que el resultado obtenido era confiable.

Inconforme, el 3 de noviembre de 2025, el señor Figueroa Huerta presentó una *Petición de Certiorari,* en el que planteó los siguientes señalamientos de errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE GUAYAMA, AL DECLARAR NO HA LUGAR LA MOCIÓN DE SUPRESIÓN DE EVIDENCIA AL CONCLUIR QUE LA OMISIÓN DE HACER [LA] ADVERTENCIA DE QUE ESTABA SIENDO GRABADO POR AUDIO Y VIDEO CON LA CÁMARA CORPORAL, NO INCIDE EN LA LEGALIDAD DEL ARRESTO NI EN LA VALIDEZ DE LA PRUEBA DE ALIENTO OBTENIDA MEDIANTE EL INTOXILYZER 9000 Y QUE LA GRABACIÓN CONSTITUYE UN MECANISMO DE APOYO QUE NO SUSTITUYE NI CONDICIONA EL CUMPLIMIENTO DE LOS REQUISITOS LEGALES APLICABLES A LA OBTENCIÓN DE LA EVIDENCIA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA SUPERIOR DE GUAYAMA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SUPRESIÓN DE EVIDENCIA AL NO CONSIDERAR QUE TAMPOCO HICIERON LAS ADVERTENCIAS DE LEY AL PETICIONARIO AL SUMINISTRARSE LA PRUEBA DE ALCO-SENSOR.

En esencia, el peticionario arguyó que nunca fue informado de que la intervención estaba siendo grabada en audio y vídeo ni se le hicieron las advertencias correspondientes. También sostuvo que el agente no estaba seguro de haberle dado las advertencias antes de intentar la prueba con el Alco-Sensor. Argumentó que ello violó su expectativa constitucional de intimidad, puesto que dentro de su vehículo mantenía una expectativa parcial y fue inducido tácitamente

a autoincriminarse al bajar de su automóvil. En consecuencia, señaló que la evidencia debía excluirse por ser producto del árbol prohibido.

Por su parte, el 17 de noviembre de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General (OPG o recurrido), presentó una *Solicitud de Desestimación*. Sostuvo que existía un impedimento procesal para la revisión de este recurso, ya que el peticionario sometió un apéndice incompleto al incluir únicamente la *Resolución* recurrida, sin acompañar la *Moción solicitando la supresión de evidencia*; la *Moción en oposición a moción solicitando la supresión de evidencia*, la regrabación de los procedimientos, ni otros documentos necesarios, conforme a la Regla 34 del Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Añadió que el señor Figueroa Huerta no presentó evidencia que pusiera en duda la confiabilidad del procedimiento.

## I.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*. A saber, este Tribunal debe evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR*, *supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras*, *supra*, pág. 405.

## II.

Como cuestión de umbral, debemos señalar que el apéndice que acompaña el recurso carece de los documentos esenciales para que este tribunal apelativo pueda entender cabalmente la controversia planteada, mucho menos revisarla adecuadamente. En efecto, no se incluyó su solicitud de supresión de evidencia, la oposición del Ministerio Público, ni la exposición de la prueba oral vertida en corte abierta. Estos documentos constituyen el núcleo indispensable para examinar si el TPI erró al adjudicar la credibilidad del agente o al validar la prueba. Junto al recurso que nos ocupa, únicamente se presentó la *Resolución* recurrida.

Dicho lo anterior, tras considerar la naturaleza de los señalamientos de error, y evaluar los mismos conforme a los criterios dispuestos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que no existe causa que justifique la expedición del auto de *certiorari*. El peticionario fundamentó sus

señalamientos en alegadas violaciones a sus derechos constitucionales; no obstante, más allá de formular planteamientos generales, no acompaña el recurso con la prueba necesaria para demostrar la existencia de un error craso o un perjuicio real atribuible al foro primario. Dichos planteamientos de errores, por sí solos, no bastan para que intervengamos con la Resolución del TPI, pues considerados únicamente los fundamentos jurídicos en los que se basan, no apreciamos que el foro primario haya incurrido en error alguno en su determinación. De lo anterior se desprende que no existe base para concluir que la disposición recurrida fue contraria a derecho ni hemos podido identificar prejuicio, parcialidad o error manifiesto.

A la luz de todo lo anterior, procede denegar la expedición del auto de *certiorari*.

### III.

Por los fundamentos que anteceden, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones